AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___District of Nevada___ on the following

☑ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:23-cv-328-JCM-EJY | DATE FILED<br>3/1/2023 | U.S. DISTRICT COURT<br>District of Nevada | |
|---|---|---|---|
| PLAINTIFF<br><br>Steve Dimopoulos, LLC | | DEFENDANT<br><br>NFL Properties LLC, Raiders Football Club, LLC | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1  Complaint attached. | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

| CLERK<br>D. Kempi | (BY) DEPUTY CLERK<br>/s/ H. Magennis | DATE<br>3/2/2023 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

[ Print ]   [ Save As... ]                                                                                                        [ Reset ]

1  Marc J. Randazza, NV Bar No. 12265
2  Ronald D. Green, NV Bar No. 7360
   RANDAZZA LEGAL GROUP, PLLC
3  4974 S. Rainbow Blvd., Suite 100
   Las Vegas, NV 89118
4  Telephone: 702-420-2001
   ecf@randazza.com
5
   Attorneys for Plaintiff
6  Steve Dimopoulos, LLC d/b/a
   Dimopoulos Law Firm

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| STEVE DIMOPOULOS, LLC<br>d/b/a DIMOPOULOS LAW FIRM,<br><br>        Plaintiff,<br><br>   v.<br><br>NFL PROPERTIES LLC, and<br>RAIDERS FOOTBALL CLUB, LLC,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Steve Dimopoulos, LLC d/b/a Dimopoulos Law Firm ("Dimopoulos") files this Complaint for Declaratory Judgment against Defendants NFL Properties LLC ("NFL Properties") and Raiders Football Club, LLC ("Raiders"). Dimopoulos seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 that Dimopoulos did not infringe Defendants' trademarks and trade dress with respect to a television commercial advertising Plaintiff's law firm that began airing in February 2023.

## THE PARTIES

1.  Plaintiff Dimopoulos is a Nevada limited liability company with its principal place of business in Clark County, Nevada.

2. Defendant NFL Properties is a Delaware corporation with its principal place of business in New York, New York. NFL Properties is the exclusive representative of the National Football League ("NFL") and its thirty-two member clubs ("Member Clubs"), including but not limited to the Las Vegas Raiders, for the commercial licensing and protection of the marks of the NFL and its Member Clubs. Each of the Member Clubs owns and operates a professional football team.

3. Defendant Raiders is a Nevada limited liability company and is the claimed owner of the Las Vegas Raiders Member Club and its marks, including but not limited to the LAS VEGAS RAIDERS mark.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

5. This Court has personal jurisdiction over Defendant NFL Properties based upon the following: (a) NFL Properties regularly conducts business in the State of Nevada and in the unofficial southern division of this judicial district; and (b) on February 22, 2023, NFL Properties sent a cease and desist letter threatening to file suit against Plaintiff, a Nevada LLC with its principal place of business in this judicial district.

6. This Court has personal jurisdiction over Defendant Raiders based upon the following: (a) Raider's principal place of business is in this judicial district; and (b) on February 22, 2023, Raiders' representative, NFL Properties, sent a cease and desist letter threatening to file suit against Plaintiff, a Nevada LLC with its principal place of business in this judicial district.

## FACTS COMMON TO ALL CLAIMS

7. Dimopoulos is the owner and operator of the Dimopoulos Law Firm in Las Vegas, Nevada. The firm was founded in 2012 by attorney Steve Dimopoulos and practices primarily in the area of personal injury law.

8. Dimopoulos advertises its services in the State of Nevada through television, print, and internet advertising. It maintains a site on the internet to promote its legal services at <stevedimopoulos.com> and maintains a YouTube page at @dimopouloslaw.

9. Since the firm's inception in 2012, Dimopoulos has used a silver and black color scheme.

10. At the time that Dimopoulos selected the silver and black color scheme, the Raiders were still located in Oakland, California. In fact, the Raiders did not announce their move to Las Vegas until April of 2016, more than four years after Dimopoulos selected the silver and black color scheme.

11. At the time Dimopoulos selected his color scheme, the Raiders were not the only professional sports team that used a black and silver color scheme. The Los Angeles Kings hockey team, the San Antonio Spurs basketball team, and the Chicago White Sox baseball team also used (and still use) a silver and black color scheme.

12. However, Dimopoulos' selection of a silver and black color scheme was not related to any professional sports team.

13. In fact, prior to the Raiders announcing that they would be moving to Las Vegas, Dimopoulos sponsored an A League hockey team that uses a silver and black color scheme.

14. In 2022, Dimopoulos began work on a new advertisement to be shown on television and on the internet in early 2023 (the "Advertisement").

15. Dimopoulos hired Jon Jones of the Ultimate Fighting Championship, William Karlsson of the Vegas Golden Knights, and Maxx Crosby of the Las Vegas Raiders to appear in the Advertisement.

16. Dimopoulos' contract with Crosby states "Crosby will wear Dimopoulos Law firm colors (black/white/silver). Talent's jersey will include 'CROSBY' nameplate and number 98. No NFL, Raiders, or equipment manufacturer logos will be depicted in the Commercial." Moreover, Crosby warranted the agreement with Dimopoulos did not conflict with or violate any agreements

with the Raiders or the NFL and that Crosby had the authority to enter into the agreement with Dimopoulos.

17. The Advertisement did not use the names or logos of the Las Vegas Raiders, the Vegas Golden Knights, or the Ultimate Fighting Championship. It also did not feature the names or logos of the NFL or the National Hockey League. It merely showed the athletes in the commercial getting ready to compete in their respective sports.

18. The only logo shown during the Advertisement is the Dimopoulos firm's logo, which is displayed on the uniforms worn in the Advertisement.

19. The Advertisement was uploaded to YouTube on February 12, 2023. It also first aired on broadcast television in the Las Vegas market on February 12, 2023.

20. The YouTube page featuring the Advertisement contained and contains a disclaimer that the firm "is not affiliated, associated, authorized, endorsed by, or in any way officially connected with the NFL." The same disclaimer appears on the Dimopoulos Law Firm website.

21. On or about February 22, 2023, Plaintiff Dimopoulos received a cease and desist letter from Defendant NFL Properties on behalf of it and the Raiders. The letter accused Dimopoulos of "engaging in the unauthorized use of" the Raiders' marks, even though no mark owned by the Raiders was shown during the Advertisement.

22. The cease and desist letter also accused Dimopoulos of using hashtags including the Raiders' marks.

23. The cease and desist letter concluded by demanding that Dimopoulos cease immediately, or else it would be subject to "heightened legal penalties." It demanded a response on or prior to March 1, 2023.

24. No reasonable consumer could watch the Advertisement and conclude that Dimopoulos was affiliated with the NFL. The Advertisement did not feature any NFL logos or names.

25. By threatening Dimopoulos with "heightened legal penalties" if it does not cease and desist its lawful, non-infringing activities, Defendants have created a case and controversy and threatened legal action against Dimopoulos, entitling Dimopoulos to request a declaratory judgment from this Court.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

**Re: Plaintiff's Use of a Black and Silver Football Uniform – 28 U.S.C. § 2201**

26. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth fully herein.

27. In the Advertisement, Maxx Crosby wears a generic silver and black football uniform with no team or league logos on the uniform or the football helmet.

28. The logos of Defendants NFL and Raiders do not appear anywhere in the Advertisement.

29. The uniform in the Advertisement includes a jersey number and the last name of the player wearing it, features common on nearly each and every football jersey worn in the United States regardless of whether the team is professional, collegiate, or recreational.

30. Mr. Crosby's name on the uniform in the Advertisement is in a different and distinct font from the font on his uniform with the Raiders. Additionally, Mr. Crosby's uniform in the commercial does not bear the distinctive "NFL" patch or the Nike "swoosh" logo that are featured on his Raiders jersey.

31. Other professional sports teams use the black and silver color scheme that the Raiders uses, presumably with no consumer confusion. Other businesses use the black and silver color scheme as well, presumably with no consumer confusion.

32. In fact, Dimopoulos has sponsored sports teams in the Las Vegas metropolitan area that wear black and silver color schemes.

33. Dimopoulos selected the silver and black color scheme for its business and its marketing materials several years before the Raiders even announced their intention to move to Las Vegas.

34. The silver and black color scheme accused by Defendants as being confusingly similar to the purported trademark or trade dress rights of the Raiders in their football uniforms is not unique to the Raiders football team and is used by other sports teams, both professional, amateur, and recreational and by other businesses with no allegations of infringement by Defendants.

35. The football uniform featured in the Advertisement does not feature any of the distinctive elements of the Raiders' football uniforms, such as the Raiders and NFL logos and the logos of corporate sponsors.

36. Dimopoulos' use of a black and silver uniform is unlikely to cause confusion to a reasonable consumer and does not infringe any of Defendants' alleged trademark or trade dress rights.

37. Defendants sent Plaintiff a cease and desist letter on February 22, 2023, falsely accusing Dimopoulos of infringing their trademark and trade dress rights by featuring a black and silver football uniform in the Advertisement. In that letter, Defendants threatened a lawsuit's "heightened legal penalties" if Dimopoulos did not comply with their demands, thus creating a case or controversy and entitling Dimopoulos to ask this Court for declaratory relief.

38. Accordingly, pursuant to the Declaratory Judgment Act and the federal Lanham Act, Dimopoulos respectfully requests the declaration of this Court that it has not infringed upon any purported trademark or trade dress rights of Defendants.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment Re: Plaintiff's Use of Hashtags – 28 U.S.C. § 2201**

39. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth fully herein.

40.    In the cease and desist letter dated February 22, 2023, Defendants accuse Dimopoulos of using "hashtags that include various NFL marks, including RAIDERS and RAIDERS NATION, to promote its services."

41.    To the extent that Defendants' accusations are accurate, a fact Plaintiff Dimopoulos does not concede, Plaintiff did not use the hashtags as a source identifier.

42.    To the extent that Defendants' accusations are accurate, a fact Plaintiff Dimopoulos does not concede, Plaintiff did not use the hashtags in a manner that suggests a connection with the trademark or the trademark owner.

43.    To the extent that Defendants' accusations are accurate, a fact that Plaintiff Dimopoulos does not concede, Plaintiff did not use the hashtags in a manner that is likely to confuse or cause mistake among consumers.

44.    Defendants sent Plaintiff a cease and desist letter on February 22, 2023, falsely accusing Dimopoulos of infringing their trademark rights by featuring hashtags containing the "Raiders" name. In that letter, Defendants threatened a lawsuit's "heightened legal penalties" if Dimopoulos did not comply with their demands, thus creating a case or controversy and entitling Dimopoulos to ask this Court for declaratory relief.

45.    Accordingly, pursuant to the Declaratory Judgment Act and the federal Lanham Act, Dimopoulos respectfully requests the declaration of this Court that it has not infringed upon any purported trademark rights of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Steve Dimopoulos, LLC hereby prays for relief as follows:

A.    Preliminary and permanent injunctive relief prohibiting Defendants from interfering with the use of a black and silver color scheme in his advertising, including on football uniforms that do not bear any logo owned by Defendants;

B.    Preliminary and permanent injunctive relief prohibiting Defendants from interfering with Plaintiff's use of hashtags containing the "Raiders" name in association with his advertising, so long as Plaintiff does not use the name as a source identifier;

1    C.    Declaratory judgment that Plaintiff did not infringe upon Defendants' trademark or trade dress rights by featuring a black and silver football uniform in the Advertisement that did not contain Defendants' logos or the distinctive features of Defendants' uniforms;

D.    Declaratory judgment that Plaintiff did not infringe upon Defendants' trademark rights by using hashtags that contain the term "Raiders";

E.    An award of its attorneys' fees and costs; and,

F.    Such other relief as this Court deems proper.

## JURY DEMAND

Plaintiff Steve Dimopoulos, LLC requests a jury trial on all the issues so triable.

Dated: March 1, 2023.        Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Steve Dimopoulos, LLC d/b/a
Dimopoulos Law Firm